UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDOU JOBE,

                    Plaintiff,

        -against-

MIDLAND CREDIT MANAGEMENT,

                    Defendant.

**ORDER OF SERVICE**

7:26-CV-00284 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff Abdou Jobe, who is appearing *pro se*, brings this action under the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and under Section 349 of the New York General Business Law. He sues Defendant Midland Credit Management ("MCM").

By order dated January 20, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court directs service on Defendant MCM.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the United States Marshals Service ("USMS") to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint on MCM until the Court reviewed the complaint and ordered that a summons for MCM be issued. The Court therefore extends the time to serve MCM until 90 days after the date that a summons for MCM is issued.

To allow Plaintiff to effect service on MCM through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for MCM. The Clerk of Court is further instructed to issue a summons for MCM and deliver to the USMS all the paperwork necessary for the USMS to effect service upon MCM.

If the complaint is not served within 90 days after the date that the summons for MCM is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to issue a summons for Defendant Midland Credit Management, complete a USM-285 form with the address of that defendant, and deliver all documents necessary to effect service of the summons and the complaint on that defendant to the United States Marshals Service.

SO ORDERED.

Dated:   March 31, 2026
White Plains, New York

_____
PHILIP M. HALPERN
United States District Judge

2

## SERVICE ADDRESS FOR DEFENDANT

Midland Credit Management
c/o Corporation Service Company
80 State Street
Albany, New York 12207-2543